OPINION
This timely appeal arises from the judgment of the Mahoning County Court of Common Pleas overruling Appellant's Motion to Withdraw Guilty Plea. On appeal, Appellant alleges that his trial counsel's performance amounted to ineffective assistance of counsel which requires this Court to vacate his conviction and sentence. For all of the following reasons, this Court affirms the trial court's judgment.
On June 29, 1995, Leodius Clark ("Appellant"), along with two other men, entered into an argument with Marcelle Brown over a debt Brown allegedly owed. The argument ensued at the residence of Darlene Brown, Marcelle's mother. (Bill of Particulars). Darlene Brown entered the residence while this dispute was in progress, and upon seeing that an argument was taking place, Darlene ran upstairs where Appellant allegedly held both she and Ebony High, Darlene's daughter, at gunpoint. While this was occurring, Marcelle Brown was shot and killed near the doorway of the house by one of the other individuals. (Bill of Particulars).
On August 18, 1995, the Mahoning County Grand Jury indicted Appellant on one count of aggravated burglary, two counts of kidnaping, one count of complicity to commit aggravated burglary and one count of complicity to commit aggravated murder. In December of 1995, Appellant was charged with a lesser offense, including one count of aggravated burglary, two counts of kidnaping, one count of complicity to commit aggravated robbery and one count of involuntary manslaughter. Each count contained a firearm specification.
On May 28, 1996, Appellant pled guilty to all counts in the indictment subject to a plea agreement reached immediately before trial was to begin. On that same day, Appellant was sentenced and received a five to fifteen year sentence on the aggravated burglary count, five to fifteen years on each kidnaping count, five to fifteen years on the complicity to aggravated robbery count and five to fifteen years on the involuntary manslaughter count. A three year gun specification penalty was imposed onto each count but these were merged for sentencing purposes. As a result of Appellant's guilty pleas, Appellant's probation from an unrelated offense was revoked and an additional two year sentence was imposed.
On May 29, 1996, Appellant received a letter from another prison inmate, James Brown. This letter states in relevant part:
 "So what's going on with your case? I know you're going to trial in May. I know that you're going to beat your shit. But pep game, do you remember what I told you, that there is no way you did it because I was there, and Bone shot that nigga? If you don't think that is good enough, I will be a surprise witness. You dig."
(Transcript, Motion to Withdraw Plea, p. 13).
Several days later, Appellant informed his counsel about this letter. In response, Appellant filed a Motion to Withdraw Guilty Plea on June 3, 1996. On June 28, 1996, a hearing on the matter was held. James Brown, however, refused to answer any questions and invoked his Fifth Amendment privilege against self-incrimination. (Transcript, Motion to Withdraw Plea, pp. 4-8). The trial court overruled Appellant's Motion to Withdraw Guilty Plea. It is this judgment which forms the basis of the present appeal.
In his sole assignment of error, Appellant argues that:
 "DEFENDANT'S ATTORNEYS' UTTER FAILURE TO PROPERLY PREPARE FOR PLEA WITHDRAWAL CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL WHICH PREJUDICED DEFENDANT."
Appellant does not allege that the trial court erred in overruling his Motion to Withdraw Guilty Plea. Rather, Appellant contends that his trial counsel's failure to secure an immunity agreement for James Brown preordained Mr. Brown's refusal to testify which demonstrates, Appellant suggests, ineffective assistance of counsel.
We disagree with Appellant's contention. Judicial scrutiny of counsel's performance must be highly deferential. State v.Bradley (1989), 42 Ohio St.3d 136, 142. As such, this Court reviews ineffective assistance of counsel claims with the strong presumption that effective legal counsel was rendered. Id. at 138. When determining whether an attorney's representation was ineffective, this Court must determine whether the attorney's performance was deficient due to serious errors in representation and, if so, whether the deficient performance prejudiced the defendant. State v. Gales (February 1, 1999), Mahoning App. No. 97 C.A. 253, unreported, citing Strickland v. Washington (1984),466 U.S. 668, 687. To demonstrate the prejudice, the defendant must show that because of the deficient performance, the result of the proceeding was unreliable. Id.
Appellant fails to point to anything in the record which might arguably support a claim of ineffective assistance of counsel. Indeed, Appellant's entire claim rests on the unfounded assumption that Appellant's trial counsel failed to pursue an immunity agreement for James Brown. Appellant has failed to demonstrate that such an immunity agreement was possible or that an immunity agreement would have provided the evidentiary support required to successfully move the court to withdraw his guilty plea. Assumptions and allegations which are unsupported in the record fall far short of the required showing of deficient performance and accompanying prejudice necessary to overcome the strong presumption that counsel rendered effective assistance. For that reason alone Appellant's argument must fail.
In addition to our determination that Appellant has failed to demonstrate he received ineffective assistance of counsel, we are compelled to address Appellant's contention that the letter authored by James Brown is exculpatory in nature. Appellant argues that the letter in question clearly indicates that Appellant was not the shooter. This argument, however, ignores the fact that at the plea hearing the parties advised the trial court that Appellant was not the shooter. (Transcript, Plea and Sentencing Hearing, pp. 3-4). Indeed, the trial court made it clear that the fact Appellant was not the shooter was of primary importance in the court's acceptance of the plea bargain and its subsequent sentencing. (Transcript, Motion to Withdraw Plea, p. 24). As such, any evidence tending to support the contention that Appellant was not the shooter would be irrelevant, cumulative and non-exculpatory as to the charges to which Appellant pled guilty. Thus, assuming arguendo that Appellant could demonstrate deficient performance on the part of counsel in failing to secure an immunity agreement for James Brown Appellant remains unable to show any resulting prejudice which is required to sustain an ineffective assistance of counsel claim. Appellant's arguments to the contrary are without merit.
For all of the foregoing reasons, Appellant's sole assignment of error is overruled and the judgment of the Mahoning County Court of Common Pleas is hereby affirmed.
VUKOVICH, J., and DONOFRIO, J., concurs.
APPROVED:
 ________________________ CHERYL L. WAITE, JUDGE